UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

---------------------------------------------------

United States of America,

Plaintiff,

Cr. No. 02-261 DWF/SRN

vs.

**MEMORANDUM IN SUPPORT OF MOTION FOR TERMINATION AND DISCHARGE FROM SUPERVISED RELEASE**

Maurice Young,

Defendant.

---------------------------------------------------

## FACTS

On August 20, 2002, Defendant Maurice Young was charged by Indictment with one count of Mail Fraud in violation of 18 U.S.C. § 1341, two counts of Fraud by Wire in violation of 18 U.S.C. § 1343, and three counts of Engaging in Monetary Transactions in Property Derived From Specified Unlawful Activity (Money Laundering) in violation of 18 U.S.C. § 1957. The charges were the result of activities initiated by James Cork[1] (Defendant Young's step-brother) and Lenise Sykes Givens[2] (Defendant Young's

---

[1] On August 22, 2002, James Cork pled guilty to an Information charging one count of Mail Fraud, stipulating to recommended Sentencing Guideline range of 21-27 months imprisonment followed by 2-3 years of supervised release, with a possibility that the Government would move for a downward departure in accordance with §5K1 of the U.S. Sentencing Guidelines. On January 24, 2003, Mr. Cork was sentenced to serve one year and one day in prison, consecutive to a sentence imposed in Hennepin County District Court File No. 1045449. See Sentencing Judgment in Court File No. 02-264 (Document #12). On October 6, 2005, this Court ordered Mr. Cork to serve an additional 60 days in a home detention program due an admitted supervised release violation (conviction for Possession of Stolen Property in Ramsey County, Minnesota). See Sentencing Judgment on Supervised Release Violation dated October 6, 2005 in Court File No. 02-264 (Document #18).

[2] On August 26, 2003, Lenise Sykes Givens pled guilty to Counts II and V of the Indictment (Wire Fraud and Money Laundering). On February 5, 2004, this Court sentenced Ms. Givens to serve 33 months in prison, with 21 months served consecutive to the sentence imposed in District of Maryland Case No. PJM-00-0234. See Sentencing Judgment dated February 5, 2004 (Document #80).

mother and co-defendant) in or about July, 2000, in which Defendant Young participated. It was alleged that, together, the three devised a scheme to defraud the company AT&T of approximately $242,210.87.

On October 16, 2002, Defendant Young pled guilty to Counts I and IV of the Indictment (Mail Fraud and Money Laundering). No agreement was reached as to the applicable Sentencing Guideline range. On February 18, 2003, this Court sentenced Defendant Young to serve 21 months in prison, followed by a term of three years of supervised release.[3] Per an Order of the Court, Defendant Young voluntarily surrendered himself to custody at the Duluth Federal Prison Camp on June 13, 2003.[4]

Defendant Young was released from custody in January, 2005, at which time he began serving his term of supervised release. Since that time, Defendant Young has faithfully complied with all conditions and obligations of his supervised release. Specifically, Defendant Young has maintained contact with his probation officer(s), has completed all Supervision Reports at the direction of the U.S. Probation Office, and has dutifully made regular, monthly restitution payments.[5] Defendant Young's probation/supervision status was reduced to a minimal level in or about January 2006.

[3] See Sentencing Judgment dated February 18, 2003 (Document #40).

[4] See Order dated March 24, 2003 (Document #41); and Judgment Returned Executed (Document #57).

[5] Copies of certain Supervision Reports and Restitution Payment Receipts (or U.S. Certified Mail Receipts for payments), too voluminous to be attached as Exhibits electronically here, are in receipt of undersigned counsel and may be either presented to the Court at a hearing on this Motion or filed conventionally should the Court prefer.

## ARGUMENT

In accordance with 18 U.S.C. § 3583(e)(1), and after considering the factors set forth in sections 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5) and (a)(6), the Court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release ... if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."[6]

The factors to be considered by the Court in deciding whether to terminate and discharge a defendant from supervised release are as follows:

1) The nature and circumstances of the offense, and the history and characteristics of the defendant;[7]

2) The need for the imposed sentence to afford adequate deterrence to criminal conduct;[8]

3) The need for the imposed sentence to protect the public from further crimes of the defendant;[9]

4) The need for the imposed sentence to provide the defendant with necessary educational/vocational training, medical care, or other corrective treatment;[10]

5) The kinds of sentence(s) and sentencing range established for the applicable category of he offense committed as set forth by the Sentencing Guideline Commission;[11]

---

[6] 18 U.S.C. § 3583(e)(1).

[7] 18 U.S.C. § 3553(a)(1).

[8] 18 U.S.C. § 3553(a)(2)(B)

[9] 18 U.S.C. § 3553(a)(2)(C)

[10] 18 U.S.C. § 3553(a)(2)(D)

[11] 18 U.S.C. § 3553(a)(4)

6) Any pertinent policy statement issued by the Sentencing Guideline Commission that is in effect on the date of sentencing;[12] and

7) The need to avoid unwarranted sentencing disparities between defendants with similar records, engaging in similar conduct for crimes of conviction.[13]

Here, the majority (if not all) of the relevant above-listed factors weigh in favor of granting Defendant Young's request for termination and discharge from supervised release. **First**, while the nature of the offense in this case is serious (defrauding a corporation of approximately $242,000.00), the facts and circumstances demonstrate that, of the three principal actors, Defendant Young was the least culpable – in other words, that the fraud scheme was initiated and planned by James Cork and Lenise Sykes Givens. **Second**, Defendant Young has already served all required time on his 21-month sentence. Prior to this offense, he had no criminal history whatsoever. He has neither been accused nor charged with any offenses since his release from custody, and there have been no allegations of supervised release violations. The sentence imposed and served is more than an adequate deterrent for criminal conduct, and there is no indication that Defendant Young poses any threat to the general public as a recidivist.

**Third**, and finally, Defendant Young has demonstrated exemplary post-sentencing conduct. He has complied with all rules and requirements of his supervised release and specifically continues to make regular restitution payments. He has served approximately one year and eleven months on supervised release, which term will expire in January, 2008. Though full restitution has not yet been made in this case, it

---

[12] 18 U.S.C. § 3553(a)(5)

[13] 18 U.S.C. § 3553(a)(6)

would be impossible for the full amount (plus any applicable interest) to be repaid before the expiration of Defendant Young's three-year supervised release term. Nonetheless, federal law provides for adequate criminal and/or civil remedies to ensure that restitution is ultimately repaid.[14] With this in mind, the interests of justice and judicial economy are best served by terminating and discharging Defendant Young from supervised release at this time.

Respectfully submitted,

MESHBESHER & ASSOCIATES, PA

By: /s/ Steven J. Meshbesher
Steven J. Meshbesher
Attorney I.D. No. 127413
Attorneys for Defendant
225 Lumber Exchange Building
10 South Fifth Street
Minneapolis, Minnesota 55402
Telephone: (612) 332-2000

Dated: December 5, 2006

[14] For example, the judgment may be enforced by a lien against property if necessary. Additionally, should he faile to continue making restitution payments, this Court could hold Defendant Young contempt of court, enter a restraining order or injunction, order the sale of property, and/or take other necessary actions. This case may also present a situation where failure to make restitution could result in resentencing. See 18 U.S.C. §§ 3613, 3613A, and 3614.